IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.           )<br>)<br>CLARON HANNER           ) | 02: 05cr385-02 |

**MEMORANDUM ORDER**

Before the Court for disposition are the following motions filed by Defendant, Claron Hanner:

• MOTION FOR PRE-TRIAL PRODUCTION OF STATEMENTS OF INDIVIDUALS NOT TO BE CALLED AS WITNESSES (Document No. 210), with which Co-Defendant Solomon has joined, and to which the government has filed a Response (Document No. 223);

• MOTION TO REQUIRE RETENTION OF ROUGH NOTES AND TO PRESERVE OTHER EVIDENCE (Document No. 217), to which the government has filed a Response (Document No. 229); and

• MOTION FOR NOTICE OF GOVERNMENT'S INTENTION TO USE RESIDUAL HEARSAY EXCEPTION UNDER RULE 807 (Document No. 221), with which Co-Defendant Solomon has joined, and to which the government has filed a Response (Document No. 225).

After consideration of the filings of the parties and the relevant statutory and case law, the Court makes the following rulings.

At the outset, the Court notes that the government has acknowledged its duties under the Jencks Act, *Brady, Giglio*, and Rules 12 and 16 of the Federal Rules of Criminal Procedure.

**Motion for Pre-Trial Production Of Statements Of Individuals
Not To Be Called Witnesses
(Document No. 210)**

Defendant moves for the production of summaries, memoranda, and reports from interviews made of those persons whom the government has determined not to call as witnesses in this case. The government is required to turn over to a defendant any information in their possession that is both favorable and material to his guilt or sentence. *See Brady v. Maryland,* 373 U.S. 83, 87 (1963). This obligation encompasses information useful solely for impeaching the credibility of a government witness. *Giglio v. United States,* 405 U.S. 150, 153-55 (1972). After a witness testifies, the government bears a separate obligation, pursuant to the Jencks Act, 18 U.S.C. § 3500, to provide the defendant with "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

Federal Rule of Criminal Procedure Rule 16 does not authorize the pretrial discovery or inspection of statements made by prospective government witnesses, even if they arguably are "material to preparing the defense" under Rule 16(a)(1)(E), unless, of course, they constitute *Brady* material. The government has acknowledged its duties under *Brady* and its responsibility to disclose exculpatory material which would be favorable and material to the defense. Further, as reflected in Pre-trial Scheduling Order No. 1, the government has agreed to provide Defendants with all Jencks/ impeachment material, along with its witness list, on or before August 31, 2007.

Accordingly, the request for production of statements of individuals not to be called as witnesses is **DENIED WITHOUT PREJUDICE**.

**Motion to Require Retention of Rough Notes
And to Preserve Other Evidence
(Document No. 217)**

Defendant requests that the Court order all law enforcement officers in this case to retain their rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants and/or cooperating witnesses so that same may be, at a minimum, disclosed to the Court for review. The government responds that it is aware of its duties in this regard and "has made a request, in writing, to all federal and state (local and county) agents involved in this case, requesting that they retain copies of any notes they have taken."

Independent of the government's consent, the Court notes that the Court of Appeals for the Third Circuit requires that the government retain rough notes and writings. *United States v. Ammar,* 714 F.2d 238, 258-59 (3d Cir.), *cert. denied,* 464 U.S. 939 (1983). Therefore, the Defendant's request that all law enforcement officers retain their rough notes is **GRANTED** and all law enforcement officers in this case are hereby **ORDERED** to retain their rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants, and/or cooperating witnesses.

**Motion For Notice of Government's Intention to Use
Residual Hearsay Exception Under Rule 807
(Document No. 221)**

Pursuant to Federal Rule of Evidence 807, the Defendants have put the government on notice that they seek pretrial notice of the government's intention to use evidence which may be offered pursuant to the residual hearsay exception. Defendants request that such notice be provided "no later than thirty (30) days before commencement of trial."

The government responds that it intends to comply with Rule 807's advance notice requirement, although at this time the government is not aware of any such evidence which will be offered at trial.  The government requests that, to the extent any such evidence comes to light, it be permitted to provide it at the time the government will provide its Rule 404(b) evidence.

The instant request is **GRANTED IN PART AND DENIED** in part.  The government is ordered to comply with the advance notice requirement of Rule 807; however, such notice need not be given until on or before August 24, 2007, the same date on which the government will disclose its Rule 404(b) / uncharged misconduct evidence.  *See* Pre-Trial Scheduling Order No. 1.

So **ORDERED** this 20th day of February, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  Tina O. Miller , Esquire
Assistant U.S. Attorney
Email: tina.o.miller@usdoj.gov

Leo M. Dillon,
Assistant U.S. Attorney
Email: Leo.Dillon@usdoj.gov

Martin A. Dietz, Esquire
Email: MDietzEsq@aol.com

Robert E. Stewart , Esquire
Email: restjs@msn.com

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic , Esquire
McCamic, Sacco, Pizzuti & McCoid, PLLC
Email: jtmccamic@mspmlaw.com