# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   02: 05cr385-02 |
| | ) |
| CLARON HANNER | ) |

## MEMORANDUM ORDER

Presently before the Court for disposition is the MOTION FOR NOTICE AND DISCOVERY OF ALL GOVERNMENT WITNESSES WHOSE TESTIMONY MAY BE SUBJECT TO *DAUBERT* CHALLENGE filed by Defendant Claron Hanner *(Document No. 304)*, and the response filed by the government (*Document No. 319*).

Defendant Hanner requests the Court to order the government to provide all evidence related to non-scientific expert testimony which may be subject to *Daubert/Kumho Tire* challenge.[1]  The Defendant contends that the government "intends to use defendant's recorded telephone conversations and letters which, at the very least, may contain code words which law enforcement agents may wish to interpret for the jury."

In response, the government represents that the only non-scientific expert testimony that it has identified is testimony from Trooper Warfield with regard to evidence seized from the Airport Plaza Hotel on January 20, 2004, i.e., heavy-duty packaging wrapper that appears to be a wrapper for a kilogram of cocaine.  Further, the government contends that a summary of that expert testimony, along with Trooper Warfield's credentials, has been produced to counsel for Defendant.

---

[1]  Counsel for Defendant Hanner acknowledges that the government is in compliance with the Court's Order of February 7, 2007, which ordered the government to produce forthwith all Rule 16(a)(1) material to the defense.

Accordingly, with regard to the non-scientific expert testimony of Trooper Warfield, Defendant's request is **DENIED AS MOOT**.

The government also responds that it intends to compile a summary pursuant to Federal Rule of Evidence 1006, which relates to the voluminous telephone records in this case and present evidence with regard to same. However, "the government does not believe this testimony is 'expert' testimony under Rule 702, but rather *Jencks* material."

Clearly, law enforcement witnesses may provide opinion as lay or expert witnesses under Federal Rules of Evidence 701 or 702. As the Court of Appeals for the First Circuit noted, the line between what constitutes lay opinion testimony under Fed. R. Evid. 701 and expert testimony under Fed. R. Evid. 702 is not an easy line to draw. *See United States v. Colon Osorai*, 360 F.3d 48, 52-53 (1st Cir. 2004). However, it is the function of this Court to ensure that the use of witness testimony comports with the requirements under the Federal Rules of Evidence. Accordingly, the Court will take steps to ensure that the requirements set forth in both Rules 701 and 702 are met by the parties.

Under Rule 701(a), a lay witness can testify as to his or her opinion when it is "rationally based on the perception of the <u>witness</u>. . . ." Fed. R. Evid. 701(a) (emphasis added). "Rationally based" entails that the lay opinion be based on the witness' personal knowledge of the matter. Fed. R. Evid. 602. In the context of interpretation of recorded conversations, a lay witness with personal knowledge may give opinions as to the meaning of code words used in such conversations. *See United States v. Lizardo,* 445 F.3d 73, 83 (1st Cir. 2006). Moreover, the lay witness need not actually have participated in the conversations in question in order to satisfy Rule 701(a). *United States v. Saulter*, 60 F.3d 270, 276 (7th Cir. 1995). Rather, it is

sufficient that the witness have "personal knowledge of the subject discussed and the persons involved." *Id*.

Accordingly, the Court finds that, to the extent that the government may present lay witnesses under Rule 701 to offer an interpretation of the meaning of the telephone conversations or letters in question, and in order to satisfy the personal knowledge or observation requirement set forth in Rule 701(a), these lay opinion witnesses must have personally listened to the phone calls or read the letters being used at trial, and have formed a subjective interpretation of the meaning of those phone calls and letters.

A witness may not offer testimony as a lay witness under Rule 701 if such testimony is based solely upon his or her experience or expertise.  Testimony based on this type of extensive past experience more rightly falls under the purview of Rule 702, and the better practice for the government would be to qualify such witnesses as experts thereunder and provide appropriate reports.

So **ORDERED** this 26th day of March, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	Tina O. Miller , Esquire
Assistant U.S. Attorney
Email: tina.o.miller@usdoj.gov

Leo M. Dillon,
Assistant U.S. Attorney
Email: Leo.Dillon@usdoj.gov

Martin A. Dietz, Esquire
Email: MDietzEsq@aol.com

Robert E. Stewart , Esquire
Email: restjs@msn.com

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic , Esquire
McCamic, Sacco, Pizzuti & McCoid, PLLC
Email: jtmccamic@mspmlaw.com