IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| v. | ) | 02: 05cr385-2 | |
| | ) | | |
| CLARON HANNER | ) | | |

**MEMORANDUM OPINION AND ORDER OF COURT**

April 12, 2007

Before the Court for disposition is the MOTION TO RECONSIDER COURT'S RULING ON MOTION TO SUPPRESS ITEMS SEIZED FROM ROOM 117 filed by Defendant, Claron Hanner (Document No. 408).

By Memorandum Opinion filed March 26, 2007, the Court denied Defendant Hanner's Motion to Suppress finding that the search warrant affidavit provided a substantial basis for the magistrate judge to conclude that contraband or other evidence of a crime would likely be found in Room 117 of the Airport Plaza Hotel.

On March 30, 2007, Defendant Hanner, through counsel, filed the instant motion in which he asserts that the "Court erroneously found probable cause where absolutely none existed." Defendant Hanner requests that the Court reconsider its earlier ruling and grant Defendant Hanner's motion to suppress the evidence seized from Room 117 of the Airport Plaza Hotel.

On April 3, 2007, the Court heard legal arguments on the Motion for Reconsideration. At the hearing, all parties were represented by counsel who presented and argued the issues skillfully and effectively. No witnesses testified.

Hanner seeks to suppress evidence discovered by police officers during a search conducted pursuant to a warrant of a hotel room registered not in his name, but in the name of Khaliah Solomon. Hanner contends that because the affidavit supporting the warrant for the hotel room failed to contain sufficient reliable information upon which the reviewing state district justice could base a reasonable belief that evidence of the charged offense would be found in the listed hotel room, the search of the hotel room was improper, and evidence recovered therein should be suppressed. Additionally, Hanner contends that the good-faith exception to the exclusionary rule, as announced in *United States v. Leon,* 468 U.S. 897, 923 (1984), does not apply, that the search of the hotel room was improper, and evidence recovered in the search should be suppressed.

After considering Hanner's motion, the arguments of counsel, and the applicable law, the Court concludes that although the affidavit which supported the warrant did not provide a substantial basis for finding probable cause to search Room 117 of the Airport Plaza Hotel, the good-faith exception to the exclusionary rule applies and Hanner's motion to suppress continues to be denied.

**Discussion**

Based on the affidavit of Detective Gregory Seamon ("Seamon") with the Moon Township Police, the police obtained a search warrant for Room 117 of the Airport Plaza Hotel, located at 9404 University Blvd., in Moon Township, Pennsylvania.

Hanner contends initially that the evidence seized in the January 20, 2004, search of Room 117 of the Airport Plaza Hotel must be suppressed because Seamon's supporting

affidavit failed to establish probable cause to believe that evidence of criminal activity would be found in this particular hotel room. Hanner contends that Seamon's supporting affidavit is deficient because it lacks any information which establishes a nexus between Room 117 and Hanner and/or the evidence Seamon believed would be recovered there. Further, Hanner argues that there are no facts alleged in the affidavit which links him to Khaliah Solomon, in whose name the hotel room was registered. Hanner also contends that the good-faith exception does not apply because the warrant fails to provide any indicia of probable cause to search Room 117.

The Government disagrees with Hanner's contentions and responds that the affidavit is facially valid and that the facts alleged therein established probable cause to search the hotel room. Additionally, the Government contends that if the affidavit was insufficient because it failed to provide a substantial basis for probable cause to issue the warrant, the good-faith exception to the exclusionary rule applies and the motion to suppress evidence recovered in the hotel room should be denied.

**Supporting Affidavit for Hotel-Room Search Warrant**

Seamon's affidavit describes the place to be searched as follows:

 ROOM #117 LOCATED INSIDE THE AIRPORT PLAZA HOTEL
TWO STORY VINYL SIDED MULTI-ROOM FACILITY LOCATED
AT 9404 UNIVERSITY BLVD IN MOON TWP PENNSYLVANIA,
15108.  ROOM #117 IS LOCATED ON THE FIRST FLOOR OF THE
FACILITY WTIH A DOOR OFF OF A COMMON HALLWAY
IDENTIFIED BY THE NUMBER 117 ON THE DOOR. THIS ROOM
HAS GLASS SLIDING DOORS LEADING TO THE COURTYARD.
ROOM #117 WAS RENTED TO KHALIAH SOLOMON
(DOB:10/05/77) ON 1/19/04.

The probable cause portion of the affidavit provides significant detail of Hanner's alleged role in the homicide of Frank Helisek, Jr. and Seamon requests "a night time search warrant be granted. This is an ongoing homicide investigation. The evidence to be searched for is located in a hotel room rented by the possible suspects. This is not a permanent residence and can be vacated at anytime and possible evidence lost." Affidavit of Probable Cause, Exhibit "A-4."[1]

The "Name of Owner, Occupant or Possessor of Said Premises to be Searched" states that the room was "RENTED ON 1/19/04 TO KHALIAH SOLOMON (DOB: 10/05/77)." Application for Search Warrant, Exhibit "A-1." No mention of Khaliah Solomon is made in the probable cause portion of the Affidavit, nor is any evidence presented to support the conclusion that she in fact rented the room, that she was a suspect in the shooting, or that she had any relationship to or with Defendant Hanner.

District Justice Armand Martin issued the search warrant and police officers executed the warrant at 11:15 P.M. on January 20, 2004. From Room 117 of the Airport Plaza Hotel, police recovered one cell phone charger; one pair of long underwear; one pair of white socks; and one duct tape packaging material. *See* Receipt Inventory of Seized Property; Exhibit "A-6."

---

[1] The affidavit consists of 1 and 1/2 pages of single spaced type and approximately 1000 words. Hanner's Mot. to Reconsider, at 2.

4

**Applicable Law** [2]

"Probable cause for searching a particular place exists in an affidavit when the affidavit sets forth facts which constitute a substantial basis for finding a fair probability that first, a crime has been committed, and second, the particular place may contain the fruits, instrumentalities or evidence of the crime committed." *United States v. Conley,* 4 F.3 d 1200, 1204-05 (3d Cir.1993) (citing *Illinois v. Gates,* 462 U.S. 213, 236, 238-39 (1983)) (other citations omitted). The Court need not determine whether probable cause actually existed, but rather, whether the issuing authority had a "substantial basis" for finding probable cause. *United States v. Hodge,* 246 F.3d 301, 305 (3d Cir.2001) (citations omitted).

In ruling on this motion, the Court will "not question the facts contained in the affidavit" which support the search warrant. *United States v. Jones,* 994 F.2d 1051, 1055 (3d Cir. 1993). Our appellate court has instructed that the reviewing court must give great deference to the issuing judge's probable cause determination. *See United States v. Loy,* 191 F.3d 360, 365 (3d Cir. 1999); *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993).

An issuing judge may find probable cause when, viewing the totality of the circumstance, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1983). This Court must uphold the finding if the affidavit on which it was based provided a substantial basis for finding probable cause. *See id.* at 236; *Conley*, 4 F.3d at 1205; *Jones*, 994 F.2d at 1054, 1055. This Court need not determine whether probable cause actually existed, but only whether there was "a

---

[2] Although the subject search warrant was issued by a state district justice, the validity of the warrant is governed by federal law. *United States v. Rickus*, 737 F.2d 360, 364 (3d Cir. 1984).

substantial basis for finding probable cause." *Jones*, 994 F.2d at 1054. In making this determination, the Court confines itself "to the facts that were before the [issuing judge], i.e., the affidavit, and [does] not consider information from other portions of the record." *Id*. at 1055. "[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Id.* at 1057-58 (*quoting United States v. Ventresca*, 380 U.S. 102 (1965)).

Moreover, although the affidavit must set forth the nexus between the items to be sought and seized and the place to be searched, direct evidence linking the place to be searched with a crime is not required for a warrant to issue. *Conley,* 4 F.3d at 1207; *Jones,* 994 F.2d at 1056. Probable cause is commonly and often inferred by "considering the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide" the fruits of his crime. *Hodge,* 246 F.3d 305; *Jones,* 994 F.2d 1051. A reviewing court "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *Hughes,* 246 F.3d at 305-06 (citing *United States v. Whitner,* 219 F.3d 289, 296 (3d Cir. 2000)).

### No Substantial Basis for Probable Cause Finding by District Justice

In the present case, after reconsideration, the Court finds that Seamon's affidavit fails to provide a sufficient nexus between Defendant Hanner and the hotel room in question.

The Court finds that although Seamon's affidavit describes the particular place to be searched in detail, the affidavit failed to provide District Justice Martin with any necessary facts from which he could infer that Hanner was associated with Room 117 of the Airport Plaza

Hotel or any facts from which he could infer that evidence of the offense charged would be found in that particular hotel room or even in that hotel. The affidavit provides no facts that link Defendant Hanner to Room 117 or a particular hotel, nor any information from which such an inference could be drawn. Further, the affidavit provides no facts that link Defendant Hanner to Khaliah Solomon, the person identified as having rented the hotel room.

The affidavit recites many of the facts known to Seamon with reference to the investigation of the homicide of Frank Helisek, Jr. However, the affidavit fails to state why Seamon believed that Hanner had any connection to Room 117 of the Airport Plaza Hotel. Without this affirmative link in the affidavit, probable cause cannot exist to search the specific place described in the affidavit. To rule otherwise could foreseeably lead to the validation of search warrants for random locations in no way factually associated with a suspect, but which law enforcement officers only have a mere surmise or suspicion that the suspect may have visited. The Constitution requires more.

The Court does not doubt that Seamon possessed the necessary information to obtain a valid search warrant. However, he failed to present it to the issuing district justice either by affidavit or by direct oral statement. It is the finding of this Court that Seamon's affidavit lacked sufficient facts necessary to link Hanner and the evidence of the offense charged to Room 117 of the Airport Plaza Hotel in Moon Township, and, therefore, District Justice Martin's finding of probable cause to issue the warrant was without a substantial basis. *See Gates,* 462 U.S. at 238-39 (task of issuing magistrate is to determine, given all circumstances set forth in affidavit, whether fair probability exists that evidence of crime will be found in

7

particular place; task of reviewing court is to ensure that substantial basis existed for magistrate's probable-cause finding).

### Good Faith Exception

Although the Court has determined that the search warrant affidavit lacked a substantial basis for finding probable cause, the evidence obtained through the search may still be admissible under the good faith exception to the exclusionary rule. *See United States v. Leon,* 468 U.S. 897 (1984).

The good faith exception instructs that suppression of evidence "is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority." *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993). "The test for whether the good faith exception applies is 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate judge's authorization'." *Loy*, 191 F.3d at 367 (*quoting Leon,* 468 U.S. at 922 n.23). The mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception. *Leon,* 468 U.S. at 922; *Williams*, 3 F.3d at 74.

Yet, there are situations in which an officer's reliance on a warrant would not be reasonable and would not trigger the exception. *Leon,* 468 U.S. at 922-23. Our circuit court has identified four such situations:

1. [when] the magistrate [judge] issued the warrant in reliance on a deliberately or recklessly false affidavit;

2. [when] the magistrate [judge] abandoned his judicial role and failed to perform his neutral and detached function;

    3.    [when] the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; or

    4.    [when] the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*Williams*, 3 F.3d at 74 n. 4.

In the present case, Defendant Hanner does not argue that the warrant was false, that the district justice abandoned his independent role, or that the warrant was fatally general. Instead, Hanner contends that the affidavit lacked the necessary indicia of probable cause. Specifically, Hanner asserts again that the affidavit failed to establish a sufficient nexus between Hanner's alleged role in the homicide of Frank Helisek, Jr., and Room 117.

As the Court's probable cause analysis has already shown, Seamon's affidavit was not a "bare-bones" affidavit.[3] Despite the affidavit's deficiencies in linking Room 117 of the Airport Plaza Hotel to Hanner and alleged criminal activity, it was not unreasonable for Seamon to believe that what he wrote in the affidavit would be sufficient to support a finding of probable cause. The Court finds and rules that the affidavit contained sufficient indicia of probable cause to enable a reasonable officer to execute the warrant thinking that it was valid. *United States v. Hodge,* 246 F.3d 301, 309 (3rd Cir. 2001)) ("At a minimum the affidavit was not clearly lacking in indicia of probable cause, but presented a close call. Once the magistrate judge made that call, it was objectively reasonable for the officers to rely on it.").

---

    [3]    An affidavit is "bare bones" if it is so deficient in demonstrating probable cause that it renders an officer's belief in its existence completely unreasonable. *See United States v. Craig,* 861 F.2d 818, 821 (5th Cir.1988).

**Conclusion**

This Court's conclusion that the good-faith exception to the exclusionary rule applies in this case is guided by the rule's purpose-to deter unlawful police misconduct. See *United States v. Peltier,* 422 U.S. 531, 539 (1975). The exclusionary rule was created to guard against police officers who purposely omit critical facts from search-warrant affidavits because such facts *would not* support a finding of probable cause. *See Martin,* 297 F.3d at 1320. This is not the case here. This Court finds that Seamon acted in objective good faith when applying for and executing the warrant; that Seamon did not intentionally omit facts from his affidavit, but what he did omit would have increased the likelihood that a magistrate would issue a search warrant; and that District Justice Martin maintained his neutral role in issuing the search warrant for Room 117 of the Airport Plaza Hotel.

For these reasons, Defendant Hanner's motion to suppress the evidence recovered in Room 117 continues to be denied.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 05cr385-2 |
| | ) | |
| CLARON HANNER | ) | |

**ORDER OF COURT**

**AND NOW**, this 12th day of April, 2007, it is hereby ORDERED, ADJUDGED AND DECREED that the Motion to Reconsider Court's Ruling on Motion to Suppress Items Seized from Room 117 filed by Defendant, Claron Hanner is GRANTED IN PART AND DENIED IN PART.

The Motion is granted to the extent that the Court has reconsidered its prior decision reflected in the Court's Memorandum Opinion of March 26, 2007.  However, upon reflection, while the Court concludes that the affidavit which supported the warrant did not provide a substantial basis for finding probable cause to search Room 117 of the Airport Plaza Hotel, the good-faith exception to the exclusionary rule applies and the Motion to Suppress Items Seized From Room 117 continues to be **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Tina O. Miller , Esquire
Assistant U.S. Attorney
Email: tina.o.miller@usdoj.gov

Leo M. Dillon,
Assistant U.S. Attorney
Email: Leo.Dillon@usdoj.gov

Martin A. Dietz, Esquire
Email: MDietzEsq@aol.com

Robert E. Stewart , Esquire
Email: restjs@msn.com

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com

Jay T. McCamic , Esquire
McCamic, Sacco, Pizzuti & McCoid, PLLC
Email: jtmccamic@mspmlaw.com