## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 05cr385 |
| | ) | |
| JELANI SOLOMON and | ) | |
| CLARON HANNER | ) | |

### MEMORANDUM OPINION AND ORDER

May 2, 2007

Before the Court for disposition is the MOTION FOR DISCOVERY ON THE ISSUE OF RACIAL DISPARITY IN PROSECUTORIAL DECISION MAKING filed by Defendant, Claron Hanner (*Document No. 333*), which Defendant Jelani Solomon has joined (*Document No. 377*), and to which the government has responded (*Document No. 373*).

Defendants Jelani Solomon and Claron Hanner are charged, *inter alia*, with using a firearm in furtherance of a drug trafficking crime and causing the death of a person through the use of said firearm, on or about January 19, 2004, in violation of Title 18, United States Code, § 924(c)(1)(a), 924(j)(1), and 2. The government has served notice that it intends to seek the death penalty if the defendants are convicted.

After careful consideration of the filings of the parties and the applicable law, the Court will deny the motion for the reasons set forth below.

### Discussion

In the instant motion, Defendants assert that their race (African American), together with the race of the victim (Caucasian), may have played a part in the decision to prosecute them under a federal death penalty statute. Defendants seek an order directing the government to produce the following:

> [I]nformation regarding the homicides in the Western District of
> Pennsylvania including but not limited to the homicides [in Allegheny
> County] and all homicides for the same time period for the counties of the
> Western District of Pennsylvania as follows:  (1)  circumstances of the
> offense; (2) the charges resulting from the offense; (3) race of defendant;
> (4) race of the victim / victims; [and] (5) whether the case was considered
> for the death penalty.

Mot. at 1-2.

The government responds that (i) it has none of this information and (ii) it "should
not be required to undertake this fishing expedition on defendant's behalf since (1) he has not
shown a prima facie case of selective prosecution; and (2) even if such evidence were
admissible, it would not be admissible as a mitigating factor."  Govt's Response at 1-2.

Whether discovery should be ordered on a selective prosecution claim must be
addressed through an equal protection analysis.  *United States v. Armstrong*, 517 U.S. 456
(1996).  Accordingly, for defendants to prevail on their request, they must show that the
government's decision to pursue this homicide prosecution with the death penalty against these
defendants had both a discriminatory effect and was made with a discriminatory intent.  *Id.* at
465.  A discriminatory effect may be demonstrated by establishing that "similarly situated
individuals of a different race were not prosecuted."  *Id.*  Discriminatory intent is shown by the
existence of racial animus, and the defendant must show that the "decisionmakers in his case
acted with discriminatory purpose."  *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987) (emphasis
in original).

The standard of proof to secure discovery on a selective prosecution claim is lower
than the standard of proof required at trial.  To obtain discovery, a defendant must produce

" 'some evidence tending to show the existence of the essential elements of the defense,' discriminatory effect and discriminatory intent." *Armstrong,* 517 U.S. at 468 (*quoting United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)).  As the United States Supreme Court has explained, "the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims." *Armstrong*, 517 U.S. at 464.  This standard "balances the Government's interest in vigorous prosecution and the defendant's interest in avoiding selective prosecution." *Id*. at 470.  The *Armstrong* Court emphasized that the "standard is a demanding one." *Id.* at 463.

In *Armstrong,* the Supreme Court held that to satisfy the discriminatory effect prong under the lower burden of proof for a discovery motion, a defendant must at least produce "some evidence that similarly-situated defendants of other races could have been prosecuted but were not." *United States v. Hayes*, 236 F.3d 891, 894 (7th Cir. 2001) (*citing Armstrong*, 517 U.S. at 469).   The Court left undisturbed, however, *McCleskey's* requirement that the second prong of an equal protection claim be satisfied by production of evidence that the decision to prosecute in the defendant's particular case was motivated by discriminatory intent.  This Court agrees with those courts which have interpreted *Armstrong* to require a defendant to produce "some evidence" to satisfy both elements.  *United States v. Minerd,* 182 F. Supp.2d 459, 464 (W.D. Pa. 2002); *United States v. Holloway,* 29 F. Supp.2d 435 (M.D. Tenn. 1998); *United States v. Walker*, 910 F. Supp. 837, 858 (N.D. N.Y. 1995); *United States v. Roman*, 931 F. Supp. 960, 967 (D.R.I. 1996).    The Court of Appeals for the Third Circuit, however, has not spoken on what constitutes "some evidence" for discovery purposes.

3

A.       Discriminatory Effect

Defendants' counsel have assembled an impressive group of statistical studies which demonstrate that death sentences are much more likely to be imposed if the defendant is black and the victim is white; that defendants who are white and the victim is white receive the death penalty at the next highest rate, and defendants who are black and the victim is black receive death sentences at the lowest rate.

Assuming arguendo, for this Memorandum Opinion only, that the statistical information set forth in Defendants' motion is correct, the Court finds and rules that these statistics do not prove that, in any particular case, racial prejudice effected the verdict.  The referenced statistical studies may provide support for an argument that the death penalty should be abolished, but that is a matter for the legislative branch of government, not the judiciary.  So long as the law authorizes the death penalty in appropriate cases, the proper manner in which to address the evils that may be inferable from such statistical studies is to insure that, in every case, the outcome is not tainted by racial discrimination.

B.       Discriminatory Intent

Furthermore, the Court finds that the statistical information provided by Defendants is not sufficient to raise an inference of discriminatory intent.  *See McCleskey*, 481 U.S. at 292-93 (holding that statistical evidence of racial disparity is insufficient per se to satisfy the discriminatory intent element).  Defendants have failed to proffer any evidence that the decision of the Attorney General to seek the death penalty in this particular case was made with discriminatory animus.  As the *McCleskey* Court noted, defendants must offer "evidence

4

specific to [their] own case that racial consideration played a part" in the decision to seek the death penalty.  *McCleskey,* 481 U.S. at 298.

The Court finds that neither Defendant Solomon nor Defendant Hanner has offered any evidence specific to his own case from which the Court could infer that race played any part in the decision to prosecute either defendant under the applicable federal death penalty statute. *See McCleskey*, 481 U.S. at 292-93.

Upon careful review of the evidence and arguments of counsel for the parties, the Court finds and rules that Defendants have failed to produce "some evidence" that the decision to seek the death penalty in this case had a discriminatory effect or that it was made with a discriminatory intent.[1]  Therefore, the instant motion to compel the government to provide discovery on this issue will be denied.

### Conclusion

For the reasons hereinabove set forth, defendants' Motion for Discovery on the Issue of Racial Disparity in Prosecutorial Decision Making will be denied.

An appropriate Order follows.

McVerry, J.

---

[1]     Furthermore, the Court notes that the federal government rarely prosecutes death penalty cases, that the instant case is only the third time in this district that such a severe penalty has been sought by the government, and that the government has represented that it does not have the information which Defendants seek.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      )
                        )
            v.              )      02: 05cr385
                        )
JELANI SOLOMON AND      )
CLARON HANNER          )

## ORDER OF COURT

AND NOW, this 2nd day of May, 2007, in accordance with the foregoing

Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that

Defendants' Motion for Discovery on the Issue of Racial Disparity in Prosecutorial Decision

Making is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Tina O. Miller , Esquire
  Assistant U.S. Attorney
  Email: tina.o.miller@usdoj.gov

  Leo M. Dillon,
  Assistant U.S. Attorney
  Email: Leo.Dillon@usdoj.gov

  Martin A. Dietz, Esquire
  Email: MDietzEsq@aol.com

  Robert E. Stewart , Esquire
  Email: restjs@msn.com

  Caroline M. Roberto, Esquire
  Email: croberto@choiceonemail.com

  Jay T. McCamic , Esquire
  McCamic, Sacco, Pizzuti & McCoid, PLLC
  Email: jtmccamic@mspmlaw.com